PER CURIAM.
These disciplinary proceedings by The Florida Bar against Robert A. Cervantes, a member of The Florida Bar, are presently before us on complaints of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. That Respondent is, and at all times hereinafter mentioned was, a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. That copies of the Complaint and Request for Admissions filed by The Florida Bar in both cases were mailed to Respondent by certified mail to his official Bar address at 4331 North Federal Highway, Fort Lauderdale, Florida and to his then last known address of 2426 S.E. 17th Street, Apartment 105A, Fort Lauderdale, Florida. Both Complaints and their accompanying Request for Admissions were returned undelivered to The Florida Bar by the United States Postal Service.
3. That copies of the Notice of Hearing on The Florida Bar’s Motion for Judgment on the Pleadings were sent by regular mail to Respondent at his official Bar address, his last known address and in care of his mother. Although there is no proof that Respondent actually received said Notice, The Florida Bar adduced sufficient proof that Respondent was using his mother’s address as his address at the time of his arrest on January 2, 1986 thereby satisfying the notice requirements set forth below.
4. That Florida Bar Integration Rule, article XI, Rule 11.01(2) states:
mailing by registered or certified mail of papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the executive director of The Florida Bar shall be sufficient notice and service unless this court shall direct otherwise.
5. That Florida Bar Integration Rule, article XI, Rule 11.13(2) provides:
service of process if [sic] not required to obtain jurisdiction over respondents in disciplinary proceedings; but due process requires the giving of reasonable notice and such shall be effected by the service of the complaint upon the respondent by mailing a copy thereof by registered or certified mail, *492 return receipt requested, to the last known address of the respondent according to the records of The Florida Bar or such later address as may be known to the person effecting the service.
6. That The Florida Bar has complied with the notice requirements of the Integration Rule of The Florida Bar as stated above.
7. That after the conclusion of the hearing on The Florida Bar’s Motion for Judgment on the Pleadings, the undersigned directed that The Florida Bar attempt to make contact with Respondent and apprise him of the pendency of these proceedings.
8. That the basis for this directive was that The Florida Bar had adduced proof that Respondent was physically present in Broward County and required to stay there by virtue of his arrest and release upon his own recognizance.
9. That The Florida Bar made a diligent effort to contact Respondent by and through the services of one of its staff investigators and the undersigned is satisfied that these bonafide efforts to contact Respondent have proven unsuccessful.
10. That by virtue of The Florida Bar’s efforts to contact Respondent after the hearing on its Motion for Judgment on the Pleadings, Respondent has been afforded every opportunity to file pleadings or otherwise make known his position in this matter and has failed to do so.
11. That Respondent has received notice of these proceedings as required by the Integration Rule of The Florida Bar and has chosen not to be a participant in these proceedings.
12. That the requests propounded to Respondent in The Florida Bar’s Request for Admissions as to both cases are deemed admitted by virtue of Respondent’s failure to respondent to them.
13. That based upon the foregoing, the undersigned finds that all allegations in The Florida Bar’s Complaint have been proven by clear and convincing evidence and are incorporated by reference as if set forth fully herein.
14. That as to Supreme Court Case No. 67,736, Respondent was retained to represent, through trial, a client who had been arrested and charged with Driving Under the Influence. Respondent failed to appear when his client’s case was called for trial thereby necessitating a continuance so that the client could secure the services of another attorney.
15. That as to Supreme Court Case No. 67,849, Respondent failed to appear at calendar call and trial on behalf of a client that he was representing. A judgment was ultimately entered against his client.
The referee recommends that respondent be found guilty of violating Disciplinary Rules 1-102(A)(1), 1-102(A)(6), 2-110(A)(l), 2-110(A)(2), 6-101(A)(3), 7-101(A)(2) and 7-101(A)(3) of the Code of Professional Responsibility and article XI, Rule 11.02(2) of the Integration Rule of The Florida Bar, and that respondent be disbarred from the practice of law.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Robert A. Cervantes, is hereby disbarred from the practice of law in the State of Florida'effective October 27, 1986, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business from the date of this opinion.
Judgment for costs in the amount of $1,273.83 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, OYER-TON, EHRLICH and SHAW, JJ., concur.